UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GERRARD D. JONES,

        Petitioner,

-vs-                                          Case No.  5:18-cv-56-Oc-40PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, and STATE OF
FLORIDA,

        Respondents.
_____

**OPINION AND ORDER**

    Petitioner, a state inmate proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Petitioner challenges the loss of 424 days of gain time following prison disciplinary proceedings. Respondents argue the petition is barred by the *Rooker-Feldman* doctrine.[1] (Doc. 9.) Petitioner has filed a Reply. (Doc. 12.) Because the Court may resolve the Petition on the basis of the record, an evidentiary hearing is not warranted. *See* Habeas Rule 8(a). The Petition is denied.

**I. History of the Case**

    <u>August 18, 2015</u>. While incarcerated at Santa Rosa Correctional Institution, Petitioner received three disciplinary reports: 1) No. 135-151303 for lying to staff members or falsifying records; 2) No. 135-151304 for disobeying a verbal or written order; and 3)

---

[1] *See Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  Together, the cases provide that lower federal courts should abstain from sitting in review of state court decisions absent Congress's authorization.

No. 135-151305 for battery or attempted battery on a correctional officer. (Respondents' Appendix, Doc. 9, Exh. 3-B, R, Y.)

<u>August 25, 2015</u>. Petitioner pleaded not guilty to each disciplinary charge. Prison officials conducted a disciplinary hearing. Petitioner was found guilty of the violations and punished as follows: 1) No. 135-151303: 60 days of lost gain time and 60 days of disciplinary confinement; 2) No. 135-151304: 30 days of disciplinary confinement; 3) No. 135-151305: 364 days of lost gain time and 60 days of disciplinary confinement. (Exh. 3-C, L, R, T, Y, JJ.)

<u>September 3, 2015</u>. Petitioner filed formal grievances as to each disciplinary conviction, alleging violations of his due process rights, retaliation, and fabrication of the disciplinary reports. (Exh. 3-N, U, KK.)

<u>September 23, 2015.</u> The Warden responded to Petitioner's grievances, denying each of them with a written explanation. (Exh. 3-O, V, LL.)

<u>September 29, 2015</u>. Petitioner filed a formal grievance appeal as to each disciplinary conviction. (Exh. 3-P, W, MM.)

<u>October 21, 2015</u>. Responses were issued to each of the formal grievance appeals, denying them. (Exh. 3-Q, X, NN.)

<u>October 25, 2015</u>: Petitioner filed three petitions for writ of mandamus in the Second Judicial Circuit in Leon County, Fla. These were later consolidated into one petition. Petitioner challenged the disciplinary investigation process and hearing, alleging that his constitutional rights were violated. (Exh. 2.)

<u>May 31, 2016</u>.  The circuit court dismissed the challenge to No. 135-151304 because Petitioner lost no gain time associated with that conviction.  As to the other two convictions, the court found that Petitioner had failed to properly exhaust some claims at the administrative level; that mandamus was not the proper vehicle to challenge Petitioner's placement in close management; and that the record refuted Petitioner's claims that his due process rights were violated in association with the disciplinary convictions. (Exh. 4.)

<u>December 13, 2017.</u>  The First District Court of Appeal affirmed, per curiam, the lower court's order dismissing and denying the petitions. (Exh. 5.)

<u>January 30, 2018.</u>  Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

## II. Discussion

A. <u>Non-Cognizable Claims</u>

First, as to Petitioner's claims regarding disciplinary conviction No. 135-151304, they are not cognizable in a § 2254 petition.  The petition for writ of habeas corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'"  *Wilkinson v. Dotson,* 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 487(1973)).  In contrast, a civil rights complaint is the appropriate avenue for relief for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Preiser,* 411 U.S. at 499.  Likewise, Petitioner's claims of retaliation, to the extent they are separate from his due process claims, are properly brought in a civil rights complaint.

B.  Respondents' *Rooker-Feldman* Argument & Request for Fees and Costs

Next, as to Respondents' claim that this action is barred by the *Rooker-Feldman* doctrine, this argument is without merit. (Doc. 9.) *See, e.g., Behl v. Peters*, 749 Fed. App'x 852, 855 n.3 (11th Cir. 2018) ("We note a petition for writ of habeas corpus under 28 U.S.C. 2254 is not subject to the *Rooker-Feldman doctrine*.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (("Congress, if so minded, may explicitly empower district courts to oversee certain state-court judgments and has done so, most notably, in authorizing federal habeas review of state prisoners' petitions.") (citing 28 U.S.C. § 2254(a))). The present petition affects the length of Petitioner's confinement, and as such, a petition for writ of habeas corpus is appropriate. Petitioner's state court challenges are permitted to be reviewed pursuant to 28 U.S.C. § 2254 et. seq. *See also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003); *Tedesco v. Sec'y for Dept. of Corr.*, 190 Fed. App'x 752, 755-56 ("In *Medberry*, we held that a state prisoner may file a habeas corpus petition to challenge the loss of gain time as a result of state prison disciplinary proceedings that allegedly violates his due process rights under 28 U.S.C. § 2241, although such a petition is governed by the restrictions set forth in 28 U.S.C. § 2254.").

As to Respondents' request for fees and costs due to Petitioner's status a "three-striker" under 28 U.S.C. § 1915(g), that provision is inapplicable to petitions for writ of habeas corpus, and there is no evidence before the Court that Petitioner has abused the writ. That request is denied.

C.  Convictions No. 135-151303 and No. 135-151305

As to Petitioner's claims regarding disciplinary convictions No. 135-151303 and No. 135-151305, he alleges that he was denied due process and that the convictions were unconstitutional.  (Doc. 1.)  He seeks expungement of the disciplinary convictions, restoration of lost gain time, and the removal of the close management status from his file.  *Id.* at 27.

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In this present case, Petitioner presented his challenges to his disciplinary convictions in the state courts by filing a petition for writ of mandamus.  The state court, citing, *inter alia*, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) and *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), denied the mandamus petition.  The state court found that Petitioner had "not demonstrated that the department denied him due process, abused its discretion, or otherwise departed from the essential requirements of the law." (Exh. 4, p. 7.)  This decision was affirmed by the First District Court of Appeal.  (Exh. 5.) Accordingly, the issue before the Court in the present petition is whether the state court's decision ran afoul of 28 U.S.C. § 2254(d).

Prison disciplinary proceedings are not part of a criminal prosecution, and, therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings. *See Wolff*, 418 U.S. at 556. However, inmates are entitled to some due process protections. *Id.* Those protections include: (1) written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary actions. *Id.* On the other hand, an inmate does not have a right to confrontation and cross-examination, or a right to counsel. *Id.* at 567, 570. Further, disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. *Hill*, 472 U.S. at 455.

> In denying Petitioner's petition for writ of mandamus, the state court wrote:
>
> The record refutes the petitioner's claims that he did not receive copies of the disciplinary reports. The record likewise refutes the petitioner's claims that he was not allowed to participate in the investigations. The petitioner was provided the opportunity to provide statements and to request witnesses and evidence, but he refused. Further, the petitioner did make oral statements at the hearing.
>
> The record also indicates that the investigating officer reviewed the video footage cited by the petitioner and found it did not support the petitioner's claim that two individuals walked out of his cell without the investigatory paperwork. The hearing report indicates that all witness statements and evidence were considered. Accordingly, the petitioner was not prejudiced by the hearing team declining to view the video footage at the hearing.
>
> The petitioner's allegations that the hearing team failed to consider evidence of a racist plot, evidence of intimidation tactics, or his defense of self-defense essentially challenge the sufficiency of the evidence. The hearing team's

> finding of guilty was based on sufficient evidence. . . The charging officer's statement and the results of the investigation satisfy this standard. The petitioner is not entitled to have the hearing team or this court reweigh the evidence and find in his favor.
> . . .
>
> The petitioner provides no evidence to support his allegations that the hearing team included unauthorized staff or that the team was predisposed to find him guilty.
> . . .
>
> The petitioner has not demonstrated that the department denied him due process, abused its discretion, or otherwise departed from the essential requirements of the law.

(Doc. 9, Exh. 4, pp. 4-7.)

After a thorough review of the record in this case, the Court concludes that the state court's denial of Petitioner's mandamus petition and determination that his due process rights were not violated was not an unreasonable application of federal law under § 2254(d), nor was it an unreasonable interpretation of the facts in light of the evidence presented to the state court. Petitioner was given written notice of the charge and the hearing, participated in the hearing, and was convicted of the disciplinary violations. The Court finds that Petitioner was given a fair hearing and received the appropriate procedural protections. In addition to the fact that Petitioner received due process as required pursuant to *Wolff*, there was "some evidence" to support the findings of guilt.

### III. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must

first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"Where a district court has rejected a claim on the merits, the showing required" for a COA is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Gerrard D. Jones **DENIED**, and this case is dismissed with prejudice.

2. Petitioner is **DENIED** a certificate of appealability.

3. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 25, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
SA: OCAP-2